# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3542 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Directv, Inc. vs. Geenen, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Curtis Hill's Motion to Dismiss Counts III and V [Doc. 11] of the Complaint is denied in part and granted in part. The Motion to Dismiss is denied as to Count III for reasons given in DirecTV v. Perez, 03 C 3504 (Aug. 27, 2003). The Motion to Dismiss is granted as to Count V for reasons given in the attached memorandum opinion.

(11) [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, Inc.,

        Plaintiff,

v.

MARK GEENEN, et al.

        Defendants.

No. 03 C 3542

HONORABLE DAVID H. COAR

## MEMORANDUM OPINION AND ORDER

Plaintiff DirecTV, Inc. filed this lawsuit against nine defendants in May 2003. Defendant Curtis Hill has now moved to dismiss counts III and V of Plaintiff's Complaint. The Motion to Dismiss Count III is denied for the same reasons that the Court denied the Motion to Dismiss Count III in the similar case of DirecTV, Inc. v. Perez. See DirecTV, Inc. v. Perez, 03 C 3504 (Aug. 27, 2003). The Motion to Dismiss Count V will be granted for the reasons stated in this opinion.

## DISCUSSION

Plaintiff DirecTV, Inc. ("Plaintiff" or "DirecTV") filed a five count complaint against all defendants. This lawsuit is part of a massive nationwide litigation campaign that DirecTV is undertaking to protect its satellite cable television system against piracy. In Count V of this Complaint, DirecTV alleges that these Defendants "unlawfully converted Defendant's property for their own commercial use and benefit." Pl. Comp. ¶ 47. The object of the alleged conversion is DirecTV's encrypted satellite signal.

Under Illinois law, a cause of action for conversion requires proof of the following

elements: "(1) a right in the property; (2) the right to immediate, absolute, and unconditional possession of the property; (3) defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the property; and (4) a demand for possession." Stathis v. Geldermann, Inc., 692 N.E.2d 798, 806 (Ill. App. Ct. 1998).

Defendant argues that Plaintiff cannot state a cause of action for conversion under Illinois law because the object of the conversion is not tangible property. In response, the Plaintiff wrongly asserts that Defendant is "without any caselaw to support his position" and rightly asserts that "other jurisdictions have found otherwise" with respect to conversion of satellite signals. Resp. Mot. Dismiss Counts III & V, at 5. In his motion, the defendant cited to Illinois cases for the proposition that conversion in Illinois is only available for tangible property. The other jurisdictions (Massachusetts and California) that Plaintiff highlights provide relevant precedent, but it is far from controlling. On what amounts to a common law conversion claim filed in federal court, the court will apply the law of the jurisdiction in which it sits, which for this court is Illinois. In the two federal cases that Plaintiff cites, the district courts applied the state law of the jurisdictions in which they sit to support recovery on a conversion theory. See Quincy Cablevision, Inc. v. Sully's Bar, Inc., 650 F. Supp. 838, 849 (D. Mass. 1986) (holding that Massachusetts law permits recovery for conversion of satellite signals); Don King Productions/Kingvision v. Lovato, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (holding that California law permits recovery for conversion of satellite signals). While the law of these other states supports Plaintiff's position here, the Plaintiff has failed to provide any analysis of the requirements of Illinois law. Since it is Illinois law that will govern, the Court will proceed with its own analysis of Illinois law.

Conversion in Illinois is "based on the common law tort of trover, which originated as a

remedy against the finder of lost goods who refused to return them." General Motors v. Douglas, 565 N.E. 2d 881, 885 (Ill. App. Ct. 1990). "The basis of the tort was considered to be an interference with possession of a chattel, or with the right to immediate possession." Id. at 885–86.

While the historical foundation of the tort would lead to a conclusion that only tangible property (chattels) could be the object of conversion, the case law in Illinois is somewhat unclear on the current principle. In 1985, the Illinois Supreme Court clearly held that a conversion action lies only for "personal property which is tangible, or at least represented by or connected with something tangible." In re Thebus, 483 N.E.2d 1258, 1260(Ill. 1985) (quoting 18 Am. Jur. 2d Conversion sec. 9, at 164 (1965)). In a more recent case relating to alleged conversion of academic research, the Illinois Appellate Court reaffirmed the tangible property principle: "Our supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible." Bilut v. Northwestern University, 692 N.E.2d 1327, 1334 (Ill. App. Ct. 1998) (citing In re Thebus, 483 N.E. 2d 1258 (1985)).

There is, however, at least one Illinois case that appears to recognize actions for conversion of intangible assets as legally cognizable. See Stathis v. Geldermann, Inc., 692 N.E.2d 798, 807 (Ill. App. Ct. 1998). The court in Stathis announced for the first (and only) time in Illinois that "parties may recover for conversion of intangible assets. See Conant v. Karris, 520 N.E.2d 757 (1987) (holding that plaintiff could state a claim for conversion of confidential information)."[1] The plaintiff in Stathis alleged that the defendant deprived him of his ownership

---

[1] In Illinois courts, this would be only persuasive and not controlling precedent because the Illinois Supreme Court has not abrogated the clear principle that only tangible property is the proper object of conversion suits. In Re Thebus, 483 N.E.2d 1258 (Ill. 1985).

and control of a corporation in a corporate merger/takeover transaction. See Id. After the alleged conversion in Stathis, the Plaintiff was unable to control or benefit from the object of the conversion (the corporation) and the Defendant had full control of the object of the conversion. The same is true in the case from which Stathis drew the principle that intangible property can be converted under Illinois law. That case, Conant v. Karris, 520 N.E.2d 757 (Ill. App. Ct. 1987), was a lawsuit between two real estate developers. 520 N.E.2d at 758–59. The object of the alleged conversion in Conant was certain confidential information that the plaintiff obtained relating to a specific property. Id. at 763. Plaintiff relied on this confidential information to offer a purchase price of $1,500,000 for the property; Plaintiff's agent disclosed the confidential information (which was contained on a computer printout) to the agent's brother, who then purchased the property for $1,600,000. Id. at 762. It is not clear whether the Court in Conant held that the confidential information (intangible) or the printouts containing the confidential information (tangible) was the actual object of conversion. But what is clear is that the plaintiff in Conant was deprived of the ability to obtain any benefit from the object of the alleged conversion.

While the Illinois cases do not present an unbroken principle that intangible property can never be the object of conversion under Illinois law, there is a vast distance between those few Illinois cases which permit recovery for conversion of intangible property and the Plaintiff's theory here. In every Illinois conversion case involving intangible property, the Plaintiff has been deprived of the ability to benefit from the object of the alleged conversion. In this case, DirecTV continued to benefit from its encrypted satellite television signal during the entirety of these Defendants alleged wrongful misappropriation. The Illinois courts have not broadened the common law tort of conversion so far as to permit the Plaintiff to recover on this theory.

## CONCLUSION

For the reasons given above, Defendant Curtis Hill's Motion to Dismiss Count III is denied, but the Motion to Dismiss Count V is granted.

Enter:

_____
David H. Coar
United States District Judge

Dated: November 10, 2003